**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gary Watson,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Backgroundchecks.com, LLC; Clarity Services, Inc.; and Trans Union, LLC,<br><br>　　　　　Defendants. | Case No.: 2:23-cv-1473-JAD-NJK<br><br>**SCHEDULING ORDER** |

**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)**

Plaintiff Gary Watson ("Plaintiff") and Defendant Trans Union LLC ("Trans Union") (collectively, the "Parties"),[1] by and through their counsel of record, hereby submit their stipulated Discovery Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 16 and 26, as well as LR II 16-1 and 26-1. It is hereby requested that the Court enter the following discovery plan and scheduling order:

//

//

---

[1] Plaintiff has recently resolved claims against Defendant Clarity Services, Inc. and anticipates filing a notice of settlement shortly. Background has not yet appeared in this action, and so it did not participate in the 26(f) conference.

- 1

1.   **Discovery Plan:**

| | |
|---|---|
| Discovery Cut-Off | **4/16/24** (180 days from the date Trans Union filed its Answer, 10/19/23) |
| Deadline to Amend Pleadings | **1/17/2024** (90 days prior to the close of discovery) |
| Deadline to Disclose Initial Expert Disclosures | **2/16/2024** (60 days prior to the close of discovery) |
| Deadline to Disclose Rebuttal Expert Disclosures | **3/18/2024** (30 days after the Initial Disclosure of Experts)[2] |
| Deadline to File Dispositive Motions | **5/16/2024** (30 days after the close of discovery) |

2.   ~~**Interim Status Report:** The Parties shall file the interim status report required by LR 26-3 no later than **2/16/2024** or sixty (60) days prior to the close of discovery.~~

3.   **Pre-Trial Order:** The Parties shall file a joint pretrial order no later than **6/17/2024** or thirty-two (32) days after the date set for filing dispositive motions (June 15, 2024 is a Saturday). In the event that the Parties file dispositive motions, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or further order of the Court. The disclosure required by Federal Rule of Civil Procedure 26(a)(3) and objections thereto shall be made in the pre-trial order.

4.   **Initial Disclosures:** The Parties will serve their initial disclosures on or before **12/18/2023.** Any party seeking damages shall comply with Federal Rules of Civil Procedure 26(a)(1)(A)(iii).

---

[2] March 17, 2024 is a Sunday.

5. **Extension of Discovery Deadline**: Requests to extend the discovery shall comply fully with LR ~~26-4~~ 26-3. Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.

The motion or stipulation shall include:

a. A statement specifying the discovery completed by the Parties as of the date of the motion or stipulation;

b. A specific description of the discovery which remains to be completed;

c. The reasons why such remaining discovery was not completed within the time limit of the existing discovery deadline; and,

d. A proposed schedule for the completion of all remaining discovery.

It is not good cause for a later request to extend discovery that the parties informally postponed discovery. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with approval of the Court.

6. **Electronically Stored Information ("ESI")**:

The Parties stipulate and agree that all discoverable documents will be produced on CD-ROM in Portable Document Format ("PDF") with optical text recognition (electronically searchable text) as reasonably practicable. The Parties further agreed that the "parent-child relationships" between documents will be preserved when documents are produced (*e.g.*, e-mails and their attachments will be produced together with consecutive bates numbers) as reasonably practicable.

Based on the nature of this case, the parties believe that producing ESI in a reasonably usable format (e.g., hard copy or .pdf) is appropriate and proportional to the needs of the case

Once the parties have had the opportunity to review such documents, they may confer regarding any additional exchange or production that the parties believe is necessary.

While the Parties agree at this time that it is not necessary to produce the metadata for electronic documents, the Parties reserve their respective rights to request such information should any Party deem it necessary. This agreement determines only the format in which the Parties produce documents; it does not affect any other right of any Party.

7. **LR II 26-1(b) CERTIFICATIONS**: The Parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program. The Parties further certify that they met and conferred about the possibility of using alternative dispute resolution processes including, mediation, arbitration, and early neutral evaluation. Plaintiff intends to present electronic evidence to the jury; Trans Union may also present electronic evidence but reserves the right to present paper evidence.

8. **Electronic Service.** The Parties agree to accept electronic service of discovery requests and responses pursuant to Federal Rule of Civil Procedure 5(b)(2)(E). In order for such service to be effective on Defendant Trans Union, the following email addresses must be served: brigo@skanemills.com, pporooshani@skanemills.com, ijones@qslwm.com and kmclemore@qslwm.com. In order for such service to be effective on Plaintiff, the following email addresses must be served: miles@milesclarklaw.com, lucille@milesclarklaw.com. To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the next day that is not a Saturday, Sunday, or legal holiday. The Parties discussed whether they intend to present evidence in electronic format to jurors for the purpose of jury deliberations and agreed that should discovery be provided in an electronic format at trial, it will

be compatible with the court's electronic jury evidence display system pursuant to LR II 26-1(b)(9).

9.  **Protective Orders**.  Any party may seek to enter into a stipulated protective order pursuant to Federal Rule of Civil Procedure 26(c) prior to producing any confidential documents in its possession.  A proposed stipulated protective order has been circulated by Plaintiff and it will be be filed shortly after filing of this proposed discovery plan.

10.  This scheduling order will apply to any defendants who appear in this case in the future.

IT IS SO ORDERED.
Dated: December 5, 2023

_____
Nancy J. Koppe
United States Magistrate Judge